## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KARRIEM KEYS, | ) | CASE NO. |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| V. | ) | JURY TRIAL DEMANDED |
| | ) | |
| HANOVER FOODS CORP., | ) | |
| | ) | |
| DEFENDANT. | ) | |
| | ) | |

### COMPLAINT

Plaintiff, Karriem Keys, by and through his undersigned counsel, files this Complaint against Defendant, Hanover Foods Corp., and in support thereof avers as follows:

### PARTIES

1.    Plaintiff, Karriem Keys, is an adult individual residing in Delaware.

2.    Defendant, Hanover Foods Corp., is a Pennsylvania corporation with a principal place of business in Hanover, Pennsylvania.

### JURISDICTION AND VENUE

3.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because the Plaintiff asserts a claim under Title VII of the Civil Rights Act of 1964.  The Court has supplemental jurisdiction over the Plaintiff's state law claim under 28 U.S.C. § 1367(a) because the claims are so related that they form part of the same case or controversy.  Alternatively, the Court would have subject matter jurisdiction under 28 U.S.C. § 1332(a) because there is complete diversity of citizenship and the amount in controversy exceeds $75,000 exclusive of costs and interest.

4.    Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this case occurred in this District.  Venue is also proper under 28 U.S.C.

§ 1391(b)(1) and 28 U.S.C. § 1391(c)(2) because the only Defendant is an entity subject to personal jurisdiction in this District.

5.      Plaintiff filed his discrimination charge with the Delaware Department of Labor on April 5, 2018, which was within 180 days after the alleged discrimination. Plaintiff requested dual filing with the U.S. Equal Employment Opportunity Commission. The Delaware Department of Labor mailed a notice of right to sue on December 3, 2018. Exhibit 1. This litigation was commenced within 90 days after the notice of right to sue.

**SUMMARY**

6.      This is an employment discrimination case. The Plaintiff worked as a machine operator at a Hanover Foods production facility in Clayton, Delaware. His supervisors would apply work conduct rules to white employees leniently, or not at all, while applying the same rules strictly to black employees such as the Plaintiff. The Defendant terminated the Plaintiff in January of 2018. On the same day, the Plaintiff's supervisor replaced the Plaintiff with a new white employee, who had evidently been present on site to take over the Plaintiff's position. Despite the reasons given by the Defendant, the Plaintiff was disciplined and terminated because of his race. The Defendant's reason was that the Plaintiff was allegedly sleeping while production was down. White employees in the Plaintiff's crew would actually sleep while production was down on a regular basis, and none were disciplined or terminated. Despite the reasons given by the Defendant, the Plaintiff was disciplined and terminated because of his race. The Defendant also ignored multiple complaints of discrimination by other employees leading up to the Plaintiff's termination.

**FACTS**

7.    The Plaintiff worked as a machine operator at a Hanover Foods food production facility in Clayton Delaware, from April 2016 until January 4, 2018.

8.    His supervisors subjected black employees to increased scrutiny and would unfairly discipline them for trivial or fabricated infractions. His supervisors would also give black employees less desirable shifts and duties at the production facility. Meanwhile, the Plaintiff's supervisors would ignore similar infractions by white employees.

9.    In January of 2018, the Plaintiff was terminated. On the same day, his supervisor hired a white employee to fill his position, who had evidently been waiting on site to fill the Plaintiff's position.

10.    The practice on the Plaintiff's crew was to sleep while the production line was down.

11.    In particular, white employees would frequently sleep while production was down without any warnings, discipline, or other adverse consequences.

12.    The reason given for the Plaintiff's termination was that the Plaintiff was allegedly sleeping while production was down.

13.    At the time of the alleged infraction, there was no production, and thus no work that the Plaintiff could actually be doing.

14.    Even if the Plaintiff had committed such an infraction, the Defendant's policy would have been to give a verbal warning or, at most, a 3-day suspension. Instead, the Plaintiff was terminated without a warning or a suspension.

15.    Despite the reasons given by the Defendant, the Plaintiff was disciplined and terminated because of his race. The reason given by the Defendant was pretext, given that the white employees actually slept on a regular basis and none were disciplined, there was no warning on

the change in policy, a white employee was already waiting to take the Plaintiff's place, and the Defendant ignored its own practice of first giving lesser discipline before termination (such as a warning or suspension).

16.     The Defendant also ignored multiple complaints of discrimination by other employees leading up to the Plaintiff's termination.

<h3 style="text-align:center">COUNT I<br>VIOLATIONS OF TITLE VII OF THE CIVIL RIGHTS ACT</h3>

17.     Plaintiff incorporates by reference the foregoing paragraphs.

18.     The Defendant, its management, agents, and employees engaged in a pattern and practice of discrimination against the Plaintiff with respect to the terms, conditions, and privileges of employment because of his race, in violation of Title VII of the Civil Rights Act.

19.     The acts, failures to act, practices, and policies of the Defendant constitute discrimination against the Plaintiff because of his race, in violation of Title VII.

20.     Additionally, the Plaintiff has been subjected to dissimilar and disparate standards of treatment with respect to the terms, conditions, discipline, and privileges of employment because of his race.

21.     As a result, the Plaintiff has been deprived of his employment and income.

22.     The Defendant's conduct was severe and pervasive, substantially altered the terms and conditions of the Plaintiff's employment, and created a working environment so hostile that no reasonable employee would tolerate it.

23.     The acts of discrimination were intentional, willful, and in reckless disregard for the Plaintiff's rights and interests.

24.     The Defendant knew or should have known about the discriminatory employment practices engaged in by its management, agents, and employees.

WHEREFORE, the Plaintiff, Karriem Keys, demands judgment in his favor against the Defendant Hanover Foods Corp., including:

a. Damages in excess of $75,000, the exact amount to be determined at trial.

b. Attorney's fees.

c. Costs and interests.

d. Punitive damages for the Defendant's wanton, willful, intentional, reckless, and outrageous conduct.

e. Such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATIONS OF THE DELAWARE DISCRIMINATION IN EMPLOYMENT ACT

25. Plaintiff incorporates by reference the foregoing paragraphs.

26. The Defendant, its management, agents, and employees engaged in a pattern and practice of discrimination against the Plaintiff with respect to the terms, conditions, and privileges of employment because of his race, in violation of Title VII of the Civil Rights Act.

27. The acts, failures to act, practices, and policies of the Defendant constitute discrimination against the Plaintiff because of his race, in violation of Title VII.

28. Additionally, the Plaintiff has been subjected to dissimilar and disparate standards of treatment with respect to the terms, conditions, discipline, and privileges of employment because of his race.

29. As a result, the Plaintiff has been deprived of his employment and income.

30. The Defendant's conduct was severe and pervasive, substantially altered the terms and conditions of the Plaintiff's employment, and created a working environment so hostile that no reasonable employee would tolerate it.

31.     The acts of discrimination were intentional, willful, and in reckless disregard for the Plaintiff's rights and interests.

32.     The Defendant knew or should have known about the discriminatory employment practices engaged in by its management, agents, and employees.

WHEREFORE, the Plaintiff, Karriem Keys, demands judgment in his favor against the Defendant Hanover Foods Corp., including:

a.     Damages in excess of $75,000, the exact amount to be determined at trial.

b.     Attorney's fees.

c.     Costs and interests.

d.     Punitive damages for the Defendant's wanton, willful, intentional, reckless, and outrageous conduct.

e.     Such other and further relief as the Court may deem just and proper.


Respectfully submitted,

Alan L. Frank Law Associates, P.A.

_____
Christopher R. King, Esq. (#6427)
1007 N. Orange Street, 4th Floor
Wilmington, DE 19801
Phone: 302.300.4317  Fax: 215.935.1110
cking@alflaw.net

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury for all issues so triable.


Respectfully submitted,

Alan L. Frank Law Associates, P.A.

Christopher R. King, Esq. (#6427)
1007 N. Orange Street, 4th Floor
Wilmington, DE 19801
Phone: 302.300.4317  Fax: 215.935.1110
cking@alflaw.net